## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL PENKERT,<br><br>                   Plaintiff,<br><br>v.<br><br>PHANTOM BIKES, INC. et al.,<br><br>                   Defendants. | Case No. 22-cv-305-MMA (DEB)<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>[Doc. No. 6] |

On November 15, 2021, Plaintiff Carol Penkert ("Plaintiff") initiated a civil action against Phantom Bikes, Inc. ("Phantom") and Costco Wholesale Corporation ("Costco") in the Superior Court of California, County of San Diego, Case No. 37-2021-00048333-CU-PO-CTL. *See* Doc. No. 1 at Ex. A ("State Ct. Compl."). On March 4, 2022, Phantom filed a notice of removal to this Court. Doc. No. 1 ("Notice of Removal" or "NOR"). Plaintiff now moves to remand this action back to state court. Doc. No. 6. Phantom filed an opposition, to which Plaintiff replied. Doc. Nos. 7, 9. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. Doc. No. 12. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to remand.

# I. BACKGROUND

Phantom is a manufacturer of electric bicycles. State Ct. Compl. ¶ 10. In February 2020, Plaintiff purchased a fully assembled Phantom Swirl eBike online from Costco. *Id.* ¶ 9. Generally, Plaintiff alleges the eBike is defective or noncompliant with law in two respects. First, the rear brake is operated by the left-hand lever and the front brake is operated by the right. *Id.* ¶ 15. Second, the rear brake pads are too high and only partially contact the rotor, resulting in significantly reduced stopping power. *Id.* ¶ 16.

On April 15, 2020, while riding the eBike near her home in Scottsdale, Arizona, Plaintiff approached a speedbump. *Id.* ¶ 18. She applied strong grip pressure to the right-handed lever, believing it would engage the rear brake. *Id.* However, the right-hand lever engaged the front brake and "Plaintiff was hurled over the handlebars onto the roadway surface which caused her serious and permanent personal injuries including the loss of her right eye." *Id.*

In the Complaint, Plaintiff brings claims against Phantom and Costco for: (1) negligent product liability; (2) strict product liability for design and manufacturing defect; (3) strict product liability for failure to warn; and (4) breach of the implied warranty.

# II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute." *Id.* "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citing *California ex rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979)). The party seeking federal jurisdiction bears the burden to establish jurisdiction. *Kokkonen*, 511 U.S. at 377 (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S 178, 182–83 (1936)). Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.

28 U.S.C. § 1441(a) provides for removal of a civil action from state to federal court if the case could have originated in federal court. The removal statute is construed strictly against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. DISCUSSION

Phantom removed the action to this Court pursuant to 28 U.S.C. 1441 alleging both federal question, *see* 28 U.S.C. § 1331, and diversity jurisdiction, *see* 28 U.S.C. § 1332. NOR at 3.[1]  The Court addresses each basis for jurisdiction in turn.

**A.   Federal Question Jurisdiction**

Pursuant to 28 U.S.C. § 1331, a federal district court has jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 388 (1987).

"[A] case can 'aris[e] under' federal law in two ways. Most directly, a case arises under federal law when federal law creates the cause of action asserted." *Gunn v. Minton*, 568 U.S. 251, 257 (2013). Alternatively, "when 'a claim finds its origins' in state law, there is 'a special and small category of cases in which arising under jurisdiction still lies.'" *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Manning*, 578 U.S. 374, 383 (2016) (quoting *Gunn v. Minton*, 568 U. S. 251, 258, (2013)).  In *Grable*, the Supreme Court stated that "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005)).

"Only a few cases have fallen into this slim category." *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (citing *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699 (2006) (internal quotation marks omitted)). The short list includes: (1) a series of quiet-title actions from the early 1900s that involved disputes as to the interpretation and application of federal law, *see, e.g.*, *Hopkins v. Walker*, 244 U.S. 486, 489 (1917); (2) a shareholder action seeking to enjoin a Missouri corporation from investing in federal bonds on the ground that the federal act pursuant to which the bonds were issued was unconstitutional, *see Smith v. Kan. City Title & Tr. Co.*, 255 U.S. 180, 201 (1921); and (3) a state-quiet title action claiming that property had been unlawfully seized by the Internal Revenue Service because the notice of the seizure did not comply with the Internal Revenue Code, *see Grable*, 545 U.S. at 311. "In other cases where parties have sought to invoke federal jurisdiction for state-law claims, the Court has concluded that jurisdiction was lacking, even when the claims were premised on violations of federal law." *BP PLC*, 969 F.3d at 904 (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 805–07 (1986)).

Plaintiff brings four causes of action, and they are all California state law claims. *See* State Ct. Compl. However, as pleaded, Plaintiff appears to rely upon Phantom's alleged violation of Title 16 of the Code of Federal Regulations. *See id.* ¶¶ 11–12. Chapter II, Subchapter C, Part 1512 contains the Consumer Product Safety Commission's requirements for bicycles. *See* 16 CFR § 1512 *et seq*. In particular, § 1512.5(b)(8) provides:

> Hand lever location. The rear brake shall be actuated by a control located on the right handlebar and the front brake shall be actuated by a control located on the left handlebar. The left-hand/right-hand locations may be reversed in accordance with an individual customer order. If a single hand lever is used

> to actuate both front and rear brakes, it shall meet all applicable requirements for hand levers and shall be located on either the right or left handlebar in accordance with the customer's preference.

16 CFR § 1512.5(b)(8).

As noted above, Plaintiff asserts that her injuries resulted in part from Phantom's design of the braking system: utilizing the right handlebar lever to control the front brake. However, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979). Section 1512 does not confer any substantive federal rights on individuals, nor does it provide a method for those aggrieved to recover. Accordingly, federal law does not create Plaintiff's claims.

The question then is whether Plaintiff's Complaint, namely, her reliance on federal regulations in pleading the standard of care and design, nonetheless confers federal question jurisdiction under the *Grable* doctrine. The Court easily concludes that it does not.

Whether Plaintiff's Phantom eBike violates federal law appears to be an essential element of Plaintiff's claims as pleaded and accordingly, the federal issue is necessary and actually disputed. However, Phantom's argument that Plaintiff's reliance on the federal bicycle regulations poses a substantial question of federal law is unavailing. For *Grable* purposes, a substantial federal question is at issue if its resolution would be both: (1) dispositive of the case; and (2) controlling in numerous other cases. *See Empire HealthChoice*, 547 U.S. at 700. "For an issue to be substantial, it is not enough that the federal issue be significant to the particular parties in the immediate suit . . . . The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Hornish v. King County*, 899 F.3d 680, 690 (9th Cir. 2018) (internal citation and quotation marks omitted). Accordingly, where a case is "fact-bound and situation specific," a substantial federal question is less likely to be found. *Empire HealthChoice*, 547 U.S. at 701; *see also Gunn*, 568 U.S. at 263. The party seeking to

establish jurisdiction in this respect must justify a need for "the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 312.

Phantom does not articulate how the federal issue in the instant case is important to the federal system as a whole, and the Court can think of no reason why it would be. Rather, whether the Phantom eBike Plaintiff purchased complied with federal regulations involves a fact-specific inquiry that would have no obvious impact on other cases, nonetheless numerous. This case calls for a straightforward application of the federal bicycle regulations and does not raise any question as to their interpretation or validity. *See BP PLC*, 969 F.3d at 905. The state court is well-equipped to apply the federal regulations, *see Empire HealthChoice*, 547 U.S. at 701, and there is no cognizable "serious federal interest in claiming the advantages thought to be inherent in a federal forum," *Grable*, 545 U.S. at 313. Accordingly, "[t]his case is poles apart from *Grable*." *Empire HealthChoice*, 547 U.S. at 700.

Further, although Phantom fails to address the final *Grable* element, the Court finds that it too is unsatisfied. The present case is exactly the type contemplated by *Merrell Dow*, which *Grable* confirmed is inappropriate for federal question jurisdiction. *See Grable*, 545 U.S. at 318 ("[I]f the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal standard without a federal cause of action. And that would have meant a tremendous number of cases.").

> *Merrell Dow* thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law." 478 U.S., at 811-812, 92 L. Ed. 2d 650, 106 S. Ct. 3229 (internal quotation marks omitted). In this situation, no welcome mat meant keep out. *Merrell Dow*'s analysis thus fits within the framework of examining the importance of having a federal forum for the issue, and the consistency of

such a forum with Congress's intended division of labor between state and federal courts.

*Id.* at 319 (quoting *Merrell Dow*, 478 U.S. at 811–12).  Similarly here, Congress did not authorize private citizens to sue for violations of the federal bicycle regulations and thus presumably did not intend to open the door to federal court to lawsuits sounding in negligence and products liability solely because the claims involve, or even rely on, their standards.  Consequently, converting this simple state law negligence and product liability action into a "federal case" would disrupt the balance between state and federal judiciaries.  *See Merrill Lynch*, 578 U.S. at 390.  For this reason as well, "[t]his case cannot be squeezed into the slim category *Grable* exemplifies."  *Empire HealthChoice*, 547 U.S. at 701.

Phantom's reliance on *Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996), *Rains v. Criterion Sys.*, 80 F.3d 339 (9th Cir. 1996), and *Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1212 (9th Cir. 1998), is misplaced.  *Duncan* involved federal trademark law, *Rains* implicated Title VII, and *Sparta* involved allegations of violations of the federal securities laws.  All three are sets of federal law that provide federally protected rights and private causes of action, over which federal courts have either original, *see* 15 U.S.C. § 1111 *et seq.*; 42 U.S.C. § 2000(e)-2, or exclusive jurisdiction, *see* 15 U.S.C. § 78aa.  By contrast, here there is no federally protected right or private cause of action under the federal bicycle regulations over which the Court has either original or exclusive jurisdiction.  Moreover, these cases were decided prior to *Grable*, and as such, the fact that a violation of federal law is pleaded as an element of a state law claim is neither dispositive (if it ever was) nor per se substantial.  *See Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1272 (Fed. Cir. 2007) ("[T]he issue is substantial, for it is a necessary element of the malpractice case."), *abrogated by Gunn*, 568 U.S. at 260.  As the Supreme Court explained in *Empire HealthChoice*, "*Grable* emphasized that it takes more than a federal element 'to open the 'arising under' door.'"  574 U.S. at 701 (quoting *Grable* 545 U.S. at 313).

In sum, Plaintiff solely alleges state law claims. Her reliance on the federal bicycle regulations, which do not provide a private, federal cause of action, does not implicate any federal right, nor does it present a substantial federal question under *Grable*. Accordingly, Phantom has not met its burden in demonstrating federal question jurisdiction and therefore removal pursuant to 28 U.S.C. § 1331 was improper.

**B.      Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, a federal district court has jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the dispute is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has interpreted section 1332 to require "complete diversity of citizenship," meaning each plaintiff must be diverse from each defendant. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996).

According to the Notice of Removal, Plaintiff is a citizen of Arizona, State Ct. Compl. ¶ 3, Phantom is a citizen of California, NOR at 40, and Costco is a citizen of Washington, *id.* at 42. Accordingly, there appears to be complete diversity. Moreover, Phantom plausibly alleges that the amount in controversy exceeds $75,000, *see* Doc. No. 4 ¶ 7, and the issue is not in dispute.

However, pursuant to 28 U.S.C. § 1441(b), removal is permitted in diversity cases only when "none of the parties in interest is properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see also Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("Separate and apart from the statute conferring diversity jurisdiction, 28 U.S.C. § 1332, § 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state."); *U.S. Bank Nat'l Ass'n v. Gudoy*, No. 3:10-CV-1440-IEG (RBB), 2010 U.S. Dist. LEXIS 126877, at *8 (S.D. Cal. Nov. 30, 2010) ("The forum defendant rule precludes a defendant that is a citizen of the forum state from removing a case to federal court, even where complete diversity exits."). The forum defendant rule is subject to the 30-day time limit imposed by 28 U.S.C § 1447(c). *See Lively*, 456 F.3d at 939.

Phantom was served on February 7, 2022, NOR at 45, and filed its Notice of Removal on March 4, 2022, *see generally id*.  Plaintiff timely filed her motion to remand on April 4, 2022, and duly raises the forum defendant rule.  *See* Doc. No. 6 at 4–5.  As Phantom is a properly joined and served defendant and a citizen of California, it was improper for it to remove the case to federal court on the basis of diversity jurisdiction.  Phantom seemingly concedes this point.  *See* Doc. No. 7 at 6 (declining to substantively address the forum defendant rule in opposition and instead arguing that it "is not required to prove diversity jurisdiction as well").  Accordingly, the Court finds that Phantom's removal pursuant to 28 U.S.C. § 1332 was improper as well.

### IV. CONCLUSION

For the forgoing reasons, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case back to the Superior Court of California, County of San Diego.  The Court further **DIRECTS** the Clerk of Court to terminate all pending deadlines and close this case.

**IT IS SO ORDERED**.

Dated:  May 13, 2022

HON. MICHAEL M. ANELLO
United States District Judge